O

# United States District Court
# Central District of California

| | |
|---|---|
| JESUS MENDOZA, Individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>      v.<br><br>HF FOODS GROUP INC., ZHOU MIN NI, XIAO MOU ZHANG, CAIXUAN XU, and JIAN MING NI,<br><br>               Defendants. | Case № 2:20-cv-02929-ODW (JPRx)<br><br>**ORDER GRANTING IN PART YUN F. YEE'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL [28]** |

## I.    INTRODUCTION

Pending before the Court is class-member Yun F. Yee's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Counsel ("Motion"). (Mot., ECF No. 28; Mem. ISO Mot. ("Mem."), ECF No. 29.)  On June 8, 2020, the Court consolidated the above-captioned case with *Walter Ponce-Sanchez v. HF Foods Group Inc., et al.*, No. 2:20-cv-03967-ODW (JPRx), thereby obviating Yee's request for consolidation. (Consolidation Order, ECF No. 35.)  Thus, the Court **DENIES** the request for consolidation as moot.  For the reasons discussed below, the Court

**GRANTS** the remainder of the Motion to appoint Yee as Lead Plaintiff and to approve Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class ("Lead Counsel").[1]

## II. BACKGROUND

On March 29, 2020, Plaintiff Jesus Mendoza initiated this action on behalf of himself and similarly situated shareholders against Defendants HF Foods Group, Inc., Zhou Min Ni, Xiao Mou Zhang, Jian Ming Ni, and Caixuan Xu (together, "Defendants"). (Compl., ECF No. 1.) The Complaint alleges Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as well as Securities and Exchange Commission Rule 10b-5, by making false and misleading statements and failing to disclose material facts in financial statements and press releases during the putative class period. (Compl. ¶¶ 47–49, 60.)

On May 28, 2020, Yee filed the present Motion for appointment as Lead Plaintiff and for approval of Pomerantz as Lead Counsel. (*See* Mot. 1; Mem. 1.) Jennifer Pafiti of Pomerantz filed a declaration supporting her appointment as Lead Counsel. (Decl. of Jennifer Pafiti ("Pafiti Decl."), ECF No. 30.) No party opposes the Motion. (*See* Defs.' Resp. to Mot. ("Defs.' Resp.") 1 ("Defendants . . . take no position as to who should be appointed lead plaintiff or which counsel should represent the lead plaintiff in this action."), ECF No. 34; Notice of Non-Opp'n ("Non-Opp'n") 2 ("No other putative class member has filed a competing motion seeking appointment as Lead Plaintiff in the Action."), ECF No. 37.)

## III. LOCAL RULE 7-3

As a preliminary matter, Yee asks the Court to waive Local Rule 7-3 because the deadline to move for Lead Plaintiff status was the same day Yee filed the Motion. (Mem. 1 n.1.) Compliance with the District's Local Rules is not optional. *See, e.g.*, *Lopez v. Wells Fargo Bank, N.A.*, No. SACV 16-01409 AG (KESx), 2016 WL 6088257, at *2 (C.D. Cal. Oct. 17, 2016) ("Local Rule 7-3 isn't just a piece of petty

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

pedantry put down to trip up lawyers. Nor is Local Rule 7-3 a mere formalism simply there to be checked off by lawyers."). In this instance, based on the nature of the Motion and the fact that it is unopposed, the Court waives compliance with Local Rule 7-3. However, moving forward, the Court will strictly enforce Local Rule 7-3.

## IV.  LEAD PLAINTIFF

First, the Court considers Yee's request to be appointed as Lead Plaintiff.

### A.  Legal Standard

The Private Securities Litigation Reform Act of 1995 ("PSLRA") governs the selection of a lead plaintiff; that party should be the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The Ninth Circuit has articulated a "simple three-step process for identifying the lead plaintiff" in private class actions arising under the Securities and Exchange Act of 1934. *In re Cavanaugh*, 306 F.3d 726, 729–30 (9th Cir. 2002).

Under *Cavanaugh*'s first step, the court must verify that a proposed lead plaintiff has publicized "the pendency of the action, the claims made and the purported class period" in accordance with the statutory requirements of the PSLRA. *Id.* at 729. That verification in turn requires analysis of two prongs. First, the plaintiff must publish notice of the action within twenty days after filing the complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, any class member must move for appointment as lead plaintiff within sixty days of publication. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Under *Cavanaugh*'s second step, the court selects the "presumptively most adequate plaintiff" under another two-pronged approach. *Cavanaugh*, 306 F.3d at 730; *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (setting forth the statutory basis for *Cavanaugh*'s second step). First, the court "compare[s] the financial stakes of the various plaintiffs and determine[s] which one has the most to gain." *Id*. Second, the court "focus[es] its attention on *that* plaintiff and determine[s] . . . whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id*. At this preliminary stage of litigation, "a *prima facie* showing of typicality and adequacy" satisfies Rule 23.

*In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001); *In re Snap Inc. Sec. Litig.*, No. 2-17-cv-03679-SVW-AGR, 2019 WL 2223800, at *1 (C.D. Cal. Apr. 1, 2019). While Rule 23(a) outlines four requirements for parties litigating on behalf of class members, the court temporarily defers impracticability and common questions analysis until the class certification stage; "typicality and adequacy . . . are the main focus." *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730.); *see also* Fed. R. Civ. P. 23(a) (requiring the putative class to satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation).

The third and final step under *Cavanaugh* requires the court to consider any putative class member's rebuttal evidence. *Cavanaugh*, 306 F.3d at 730. Rebuttal evidence might demonstrate that the presumptive lead plaintiff: (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

**B.   Discussion**

For the following reasons, the Court appoints Yee as Lead Plaintiff in this action.

*1.   Publication and Timely Motion Requirement*

Regarding the first step under *Cavanaugh*, the Court finds that the publication requirement under the PSLRA has been met. In compliance with statutory notice requirements, counsel for Mendoza published notice on March 29, 2020, concurrent with the filing of the Complaint. (Mem. 6); *see* 15 U.S.C. § 78u-4(a)(3)(A)(i) (requiring published notice of "the purported plaintiff class" in a "widely circulated national business-oriented publication"). Specifically, *Business Wire* circulated notice of this pending class action lawsuit against Defendants. (Pafiti Decl. ¶ 2, Ex. B, ECF No. 30-2.) The notice included Mendoza's counsel's contact information, the allegations, class certification status, and directions for lead plaintiff motions. (Pafiti Decl. Ex. B.)

Moreover, Defendants do not challenge the adequacy of the notice. (*See generally,* Defs.' Resp.)

The notice also advised potential class members that the sixty-day period to move for Lead Plaintiff status would expire on May 28, 2020. (Pafiti Decl. Ex. B.) Yee timely moved to be named Lead Plaintiff on May 28, 2020, within the sixty-day period. (*See* ECF Nos. 28–30.) Thus, Yee satisfies *Cavanaugh*'s first step.

### 2. Rebuttable Presumption of Lead Plaintiff

Under *Cavanaugh*'s second step, the Court determines whether Yee is the "presumptively most adequate plaintiff." *Cavanaugh*, 306 F.3d at 730; *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii). The Ninth Circuit has explained that "a straightforward application of the statutory scheme . . . provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Cavanaugh*, 306 F.3d at 732. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.*; *see also id.* at 739 (rejecting the notion that the PSLRA was "meant to . . . authorize the district court to select as lead plaintiff the most sophisticated investor available" (internal quotation marks omitted)); *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004) ("Although the court may compare putative lead plaintiffs when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative comparison.").

Here, Yee claims $14,638.00 in losses from purchased HF Foods securities. (Pafiti Decl. ¶ 2, Ex. A, ECF No. 30-1; Mem. 7.) No other putative class member has moved for appointment as Lead Plaintiff. (*See* Non-Opp'n 2.) Thus, under the rest of *Cavanaugh*'s second step, the Court considers whether Yee has made a prima facie showing of typicality and adequacy of representation under Rule 23(a).

i. <u>Typicality</u>

The proposed lead plaintiff's claims or defenses must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class member; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Accordingly, "[t]he test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Patel*, 2015 WL 6458073, at *2 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Here, Yee persuasively argues that his claims are typical of the class. (Mem. 5, 9.) Yee alleges, as do all putative class members, "that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning HF Foods, or omitted to state material facts necessary to make the statements they did make not misleading." (Mem. 9.) Moreover, Yee asserts that he, as did all putative class members, "purchased HF Foods securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions." (Mem. 9.) Because Yee and the other putative class members share claims based on similar events under the same legal theory, Yee appears to satisfy the typicality requirement under Rule 23(a)(3).

ii. <u>Adequacy</u>

The proposed lead plaintiff must be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This inquiry involves two questions: "(a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000). Moreover, the adequate plaintiff's counsel must be capable and

qualified. *In re N. Dist. of Cal., Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982); *In re Emulex Corp.*, 210 F.R.D. 717, 720 (C.D. Cal. Sept. 30, 2002).

Here, Yee satisfies the adequacy requirement under Rule 23(a)(4). First, as Yee's motion is unopposed, no other party has introduced evidence that Yee's interests conflict with those of other class members. (*See generally* Non-Opp'n 1; Defs.' Resp. 1.) Second, Yee's losses constitute a sufficient interest in the outcome to prosecute the action vigorously. (*See* Mem. 7; Pafiti Decl. Ex. A.) Finally, as addressed below, Yee's counsel appears competent and experienced in securities litigation and punitive class actions. (Pafiti Decl. ¶ 2, Ex. D ("Firm Resume"), ECF No. 30-4.) On these bases, the Court finds that Yee would adequately protect the interests of the class. (*See* Mem. 10.) Thus, the Court concludes that Yee is the "presumptively most adequate plaintiff" to serve as Lead Plaintiff. *Cavanaugh*, 306 F.3d at 730.

### 3. Rebuttal Evidence

The statutory presumption attached to Yee may be rebutted "only upon proof by a member of the purported plaintiff class" showing that Yee: (1) "will not fairly and adequately protect the interests of the class;" or (2) "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(b)(iii)(II). The Court is unaware of any contrary evidence against Yee or any unique defenses to which Yee may be subject. Thus, this step is moot. *See Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBx), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001) ("Remaining class members present no evidence to rebut the presumption.").

Accordingly, the Court hereby appoints Yee as Lead Plaintiff.

## V. LEAD COUNSEL ANALYSIS

Next, the Court considers Yee's request to approve Pomerantz as Lead Counsel.

**A. Legal Standard**

In determining whether to approve a lead plaintiff's attorney as lead counsel, the court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); *Patel v. Axesstel, Inc.*, No. 3:14-CV-1037-CAB-BGS, 2015 WL 6458073, at *3 (S.D. Cal. Oct. 23, 2015). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Even if only one applicant seeks appointment as class counsel, the applicant must still "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(2), (4).

**B.     Discussion**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher,* 2001 WL 861694, at *4 ("A court may reject the lead plaintiff's choice [of lead counsel] only if it is necessary to protect the interests of the class.). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Ct.*, 586 F.3d 703, 711 (9th Cir. 2009); *see also Cavanaugh*, 306 F.3d at 734 n.14 ("[T]he question is not whether the court believes that the lead plaintiff could have made a better choice or gotten a better deal." (quoting *Cendant*, 264 F.3d at 276)).

Here, Pomerantz satisfies the statutory requirements for lead class counsel and would fairly and adequately represent the class under Rule 23(g)(1)(A) and the PSLRA. Primarily, Pomerantz has successfully prosecuted a number of similar securities litigations and securities fraud class actions in the past. (*See* Firm Resume.) Pomerantz claims that in similar cases over the past ten years, the firm has successfully recovered more than $3.5 billion for their clients in the aggregate. (*Id.*) Because Pomerantz appears competent to represent the class, the Court defers to Yee's choice and hereby approves Pomerantz as Lead Counsel.

## VI. CONCLUSION

For the reasons discussed above, Yee's Motion is **GRANTED in part**. (ECF No. 28.) The Court appoints Yee as Lead Plaintiff and approves of Pomerantz LLP as Lead Counsel. Yee's request for consolidation is **DENIED** as moot.

**IT IS SO ORDERED.**

October 13, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**